The next case is case number 120023, People of the State of Illinois v. Ida Way. Are you ready to proceed? I'm Assistant Attorney General Eric Levin on behalf of the People of the State of Illinois. This court held in People v. Martin that in an aggravated DUI prosecution that arises from an underlying violation of a per se DUI statute, that the proximate cause requirement entails a showing only of a causal connection between the defendant's physical act of driving and a resulting accident and injuries. The proximate cause requirement in such a case requires no connection between the drugs in the defendant's system and the accident and it requires no showing that the defendant was actually impaired by the drugs in her system or that she was unable to drive safely due to the drugs in her system. The appellate court's decision here is fundamentally inconsistent with that holding. The appellate court here reversed the defendant's aggravated DUI conviction because the trial court would not allow the defendant to present evidence that she has low blood pressure and that that low blood pressure might have caused her to pass out while driving and cause the accident. It's inconsistent with Martin because, again, Martin took impairment well, actually the underlying per se DUI offense itself takes impairment out of the equation and says that simply by driving with a prohibited drug or a prohibited amount of a drug or alcohol in one's system, one is guilty of a DUI offense. And when in committing that DUI offense, one is involved in a motor vehicle accident that results in great bodily harm or death to another, the offense is enhanced to aggravated DUI and in such cases, again, the causal connection that's required is simply between the physical act of driving, the defendant's physical act of driving and the accident. Thus, under a traditional approximate cause analysis in such cases, an intervening act or event that is completely unrelated to the defendant's physical act of driving and completely unrelated to the risks that the defendant created by driving in violation of the DUI statute, those types of intervening acts or events which cause an accident by a mechanism other than affecting the defendant's ability to drive safely, can constitute the sole proximate cause of the accident and relieve the defendant from liability. Examples would include the gross negligence of another driver. So, for instance, if the other car had veered into the defendant's lane and there was no dispute that the defendant had been driving in her own lane, then we could say, you know, assuming all the other requirements approximate cause are met, it could be shown in such a case that the defendant's act of driving was not approximate cause of the accident because the other driver's driving was the sole proximate cause. An intentional tort committed by a third party, such as the defendant's passenger or somebody else on the roadway, likewise could sever the causal connection between the defendant's act of driving and the accident. And so, too, could certain natural events or infrastructural damage, things like that that are completely unrelated to the defendant's own driving and are not in any way events that the defendant's actions increase the risk will happen. And, Mr. Levin, what about your position that the medical emergency could never be the sole proximate cause, even if there's a heart attack or a seizure? Yes. If the case is a per se DUI case where the defendant's ability to drive safely is not an issue, then at most under proximate cause doctrine, a sudden medical emergency suffered by the defendant might constitute an additional proximate cause, but it could never be the sole proximate cause. So to sort of step back to proximate cause terminology, it might be a contributing cause of the accident or a concurring cause,  But it would never be something like the other events I mentioned that sort of acts independently or without relation to the defendant's physical act of driving and so can be on its own the sole proximate cause. Here, the proximate cause statute simply requires that the defendant's physical act of driving be a proximate cause. It doesn't require that it be the only proximate cause. And so there can be cases where there are multiple proximate causes of an injury or multiple acts or events sort of work together to cause an injury. But it's only where the intervening act or event is so completely unrelated to the defendant's actions and to the risks posed by the defendant's actions that it can sort of sever that relation between the defendant's acts and become the sole proximate cause of an accident. At bottom, proximate cause does embody a policy decision. The law recognizes that we don't hold people responsible for all of the but-for results of their conduct. And so the proximate cause analysis steps in to say we hold defendants responsible for those causes or for those results of their conduct that are foreseeable, and within the scope of the risk that their conduct created. And so here, the per se DUI laws themselves also embody a policy determination made by the legislature that the act of driving with a prohibited substance or a prohibited amount of a particular substance in one system is just so inherently risky to other people on the road that it's a crime regardless of whether any individual driver is actually impaired or unable to drive safely because of that substance in his or her system. And so the proximate cause requirement has to take that policy decision, that strict liability per se policy decision into account. And I think Martin recognized that in saying that all that is required under the proximate cause analysis is whether the physical act of driving caused the accident. As Martin recognized, a driver who drives with a prohibited substance in his or her system has violated the law by simply driving. So there's no requirement that there be an actual impairment here. And I think a way to sort of understand how allowing or how the appellate court's decision here is inconsistent with Martin is to look at how the defendant framed the issue in the trial court. What was she trying to prove by introducing this evidence of her low blood pressure condition? And there she was quite frank in arguing that this was evidence that would show that she was not actually impaired and that it was something other than the drugs in her system that affected her ability to drive safely and caused her to have the accident. And that's precisely the type of evidence and argument that Martin holds is unnecessary in aggravated DUI cases arising out of per se DUI violations. And so I think the distinction here that we've drawn between intervening acts and events that cause an accident by a mechanism other than affecting the defendant's ability to drive safely, drawing a distinction between those types of intervening acts and events and intervening acts and events that operate by that do affect the defendant's ability to drive safely is a distinction that's consistent with both the policies underlying the per se DUI laws and Martin itself. Well, counsel, there was no evidence in Martin that there was any other proximate cause of the accident, right? No, nothing was argued there. And in fact, the factual scenarios were very similar. In Martin, we know that the defendant was driving, I think, down a two-lane road and went over the center line and struck another car head-on, and that's exactly what happened here. The defendant argued, and I think there was really no dispute there, that the trace amount of drugs in his system did not cause him to cross the center line. Right. And we said in Martin when an aggravated DUI charge is based on a violation of that section, and it cites the section, requires a causal link only between the physical act of driving and another person's death. Yes. In such a case, the central issue at trial will be the proximate cause, not impairment, right? Yes. And that's what you've been talking about. So Martin specifically holds that proximate cause is the very issue in these cases. Exactly, because in most of these cases, there will be no dispute about whether the defendant had the prohibited substance in his system. There will be no dispute about whether there was a motor vehicle accident or whether or not it caused great bodily harm or death. So the question will be the proximate cause issue. And I think what Martin recognizes that in aggravated. . . Well, the question I have for you is, are we precluding defendants from introducing evidence that something other than his or her driving was the proximate cause of the accident, namely here the medicine? I think the court should, consistent with Martin, preclude defendants from introducing evidence that some sort of medical condition unique to them and internal to them, you know, that affected their physiology or their biology and, you know, rendered them, affected their reflexes or their vision or even rendered them unconscious. The court should prohibit them from introducing evidence like that to defeat proximate cause because that sort of evidence goes to impairment or whether the defendant was unable to drive safely. But there's still plenty of work for the proximate cause requirement to do in terms of allowing a defendant to argue and introduce evidence that something other than their own driving was the sole proximate cause of the accident. So things like, you know, an infrastructural event where something crumbles from the overpass and causes an accident or where another driver's unforeseeable gross negligence causes the accident or where an intentional tort, also unforeseeable, causes the accident. I think that distinction there is faithful to Martin's holding and the logic behind Martin and the policies underlying the per se DUI, the strict liability per se DUI laws themselves, while also giving meaning to that proximate cause language and allowing it to do work. Is it the fact that there was something internal to the defendant in this case, you know, namely this medication? The defendant gives examples of the driver with trace amounts of cannabis. He's hit behind by one car, forcing him into another, or the driver who's shot while driving and then loses control of the car. You know, basically the defendant's saying it wouldn't make sense to keep out this type of evidence, which would, in their estimation, clearly break the causal connection. Is it the difference that those are outside things and this is an internal thing? I think that's one important distinction. And I think the other, I think the key factor is that those are all things that, although they might cause an accident in a manner that wasn't foreseen, they lead to the very type of accident that is foreseen. And the very, the reason why the legislature prohibits driving with drugs in one system, on a strict liability per se basis, is because that conduct inherently risks rendering drivers unable to drive safely. And in a way which can't be predicted precisely how it will happen. Everybody might be affected by different drugs in different ways, but there is that risk recognized by the legislature that the drugs will make a driver overaggressive, or affect their reflexes, or, you know, render their vision, you know, maybe blurry vision, all types of sort of physiological internal reactions they might have to the medication or to the medical condition. And so here the very harm, the very result that was risked by the defendant's conduct did come to pass, in that she internally, due to her own sort of vital signs and physiology, was unable to operate her car safely. Now it might have occurred in a manner that was unforeseeable, but proximate cause doctrine has never required that the exact manner in which injuries occur be foreseeable, so long as the type of accident or injury is foreseeable. And I think another, I think this also gets to another point that we've addressed in our briefs, is how would this sort of thing be workable in practice at trial? It's one thing if a defendant is introducing evidence that it was the other driver's fault, or that it was some intervening act of a third party or of nature, then it's sort of easy to suss out what was a proximate cause or what was the sole proximate cause. Whereas when the issue becomes things internal to the defendant and her own medical condition, it's going to get into all types of complex issues of the nature of that medical condition itself, was it in any sense related to or caused by or exacerbated by the defendant's drug use. And it will be very difficult to suss out whether the medical condition itself was the sole proximate cause. Again, the statute requires only that the defendant's driving be a proximate cause. And so in that sense, any intervening act or event for it to constitute a superseding cause would have to be the sole proximate cause. And this would just lead to very, I think, complex and difficult issues for the trial courts, which would fundamentally undermine the bright line rule that the legislature drew and that this court recognized in Martin. Just briefly, the appellate court relied on the so-called act of God defense, which is drawn from civil law tort cases. And we absolutely agree that as this court has recognized, the general principles of proximate cause that are drawn from tort law should be applied in the criminal law, but they must be applied with reference to the particular criminal offense that's at issue. And the act of God defense in all of the cases that the defendant has cited and all the cases that we could find has always been raised as a defense to negligence. And so if the plaintiff's actions in a particular case give rise to a prima facie case of negligence, so driving across the center line would give rise to a prima facie case of negligence, in those cases an act of God defense or a sudden medical emergency defense can rebut the showing of negligence. But the per se DUI laws require no showing that the defendant did anything negligently behind the wheel. They simply require, as this court recognized in Martin, that she be driving while having a prohibited substance in her system. And so if there are no further questions, we would ask the court to reverse the judgment of the appellate court and reinstate defendant's aggravated DUI conviction. Maggie Heim. My name is Maggie Heim from the Office of the State Appellate Defender and I'm representing Ms. Idaway in this appeal. Now the sole issue that has been pursued on appeal is whether a medical emergency can ever be relevant to whether the defendant's driving was a proximate cause of the car accident and the injuries in an aggravated DUI prosecution. Counsel points out in the trial court there were two things argued for. Counsel wanted to argue both that Ms. Idaway should be allowed to rebut a presumption that she was impaired and that she should be allowed to put on the evidence of alternative cause for why she lost consciousness and lost control of her car. On appeal we have only pursued the bar on the evidence of causation and that bar was raised in the state's motion in limine and the defense response of motion in limine and specifically raised in the trial court's order. Now on appeal there has never been any dispute that Ms. Idaway was guilty of the per se misdemeanor DUI because she was found driving with THC metabolite in her urine. There is no dispute that the state is not required to prove impairment in any way at any time and we are not challenging the sufficiency of the state's prima facie case. The dispute in this appeal centers on what evidence is relevant to rebut the state's proof that the defendant is a proximate cause of a car accident and the 5th district held that Ms. Idaway should have been allowed to present evidence and argument that a medical emergency was the true cause of her unexpected losing consciousness and crossing the center line. Now the state here as in the trial court has taken the position that a fact finder can never hear evidence of an unforeseeable medical emergency in a prosecution because this is based on the per se misdemeanor DUIs and the state bases this rule on an over broad reading of Martin. They're using Martin now as a bar on defense evidence which has nothing to do with impairment. There is nothing in the trial court which suggests that this loss of blood pressure was caused by impairment or was caused by the drug and as a factual matter the trial court found that there was no impairment in this case. In Martin this court simply held the state is not required to prove impairment was a proximate cause in order to get a felony conviction when the underlying misdemeanor does not require proof of proximate cause. The state only needs to prove the defendant's driving was a proximate cause of the accident. But there's nothing in Martin that suggests that a medical issue while driving would somehow be legally irrelevant to whether the defendant's driving was a proximate cause. The state points out again and again that this is a per se DUI, this is a per se DUI, and that the fact that it's a per se DUI represents a policy judgment by the legislature. But that per se DUI that the state is talking about is the misdemeanor offense. It's a class A misdemeanor to be found driving with any amount of THC or THC metabolite in your urine or blood. So we agree, she's guilty of the per se misdemeanor. But when the legislature created a felony liability offense, then they specifically required some proof that the defendant driver was legally at fault for the injuries that result. And this is when they included the proximate cause element. Related to the concept of proximate cause is the intervening cause that the state has been talking about. And the state seems to agree that some unforeseeable intervening causes will remain relevant in aggravated DUI prosecutions. But in Illinois, we have all of these civil cases where courts have had no problem considering whether a medical issue is such an intervening cause. And all we're saying is that if the legislature knew when they included the element of proximate cause that Illinois had this defense to proximate cause in a car accident, surely they expected this to be used in the criminal cases and there's nothing in the statute that would suggest otherwise. Counsel suggested that the cases that you refer to are cases sounding in negligence. And there's nothing to suggest here that the language of our statute is aimed at penalizing negligent behavior, correct? Yeah, the state has pointed out that these are all negligence cases. And that's not surprising because if a driver was not at fault at all, it would be difficult to get to the proximate cause element. But I think there are a couple of problems with trying to discard the negligent cases because there needs to be a prima facie of negligence. I think first and foremost, the cases we're looking at, they're considering and analyzing the element of causation, proximate cause, and intervening cause. This is not affected by the fact that the plaintiff had to make an initial prima facie case for negligence. I think courts have always looked to these ready analogies between civil and criminal cases. There's always going to be something about fit that's not perfect. But this causation analysis, I don't think there's anything about it that's being influenced by the need to show a prima facie case. Here, the analogy that we're trying to draw is just, does a driver proximately cause or is there an intervening cause that disrupts? I think another thing that's worth pointing out is that to the extent the state is assuming that there does not have to be any showing of driver fault in order to be guilty of this felony liability, I think they've shown that they're forgetting about the proximate cause element. There absolutely has to be some showing that the defendant driver was at fault, otherwise the proximate cause element has become meaningless. So I want to talk a little bit about some of the state's examples of intervening causes that are relevant to proximate cause. The state seems to admit that any number of intervening causes will be relevant except for medical issues. But there isn't a consistent legal theory that has been offered in any of their briefing as to why we need this exception just for medical issues. The state asserts that while medical issues, they affect your ability to drive safely. And Justice Tease pointed out, maybe the state doesn't have to prove that you're driving safely. But the same is true for the attacker that's in your backseat that reaches forward and strangles you. If you're being strangled, it's really hard to drive safely. The same is true for car malfunctions. The same is true as being caught up in a drive-by shooting and losing your blood pressure. There's no legal theory there. A lot of these things affect your ability to drive safely. The real legal issue should be, is this the true cause? Was it foreseeable? Is there something you could have done to avoid this accident? But under the circumstances of this case and the facts here, wouldn't the evidence of her low blood pressure be at best another cause? In other words, it could be a couple of proximate causes. And if that's the case, that didn't help you. Well, the state has offered no evidence. The only evidence that Ms. Way was a proximate cause is that she crossed the center line. We know that her son said that she was falling asleep right before she crossed the center line. And then we have her doctor saying she suffers from a condition and she may have had a sudden drop in blood pressure. There's no alternative explanation for why she passed out, why she crossed the center line. So in this case, I don't think that there is evidence to say as a matter of law that a medical issue was not the sole proximate cause. And one of the reasons that I think the state is pushing this idea that, well, could it just be a proximate cause and not the sole proximate cause, is because they consider it inherently risky to be driving with any amount of THC, no matter how little, no matter how long ago you had it. But by considering it that way, I think you ride out the possibility to ever have a car accident and have the driver be allowed to say that they were not the proximate cause. Isn't the problem impairment? The Martin case talks about that impairment is not the issue. The state doesn't have to prove impairment. And isn't the concern here, as it suggested it was articulated in the trial court, that this medical evidence would bring up a new argument about a different kind of impairment? Isn't that the concern? We've said impairment is off the table, and yet now, if we were to allow this kind of evidence, we'd be reintroducing impairment in a different way. So in a sense, we are trying to allow drivers to be allowed to put on medical evidence that they were physically impaired, but not impaired due to drugs or alcohol. So this is a different use of the term impairment than what the statute is guarding against. If you have someone that suffers a heart attack while they're driving, that's not caused by the fact that they smoked pot one week ago. It's completely unrelated to drug impairment, or it could certainly be completely unrelated to drug impairment. So I think in a way, you're talking about a person being impaired by a medical issue, but you're not talking about the impairment that the Martin Court was concerned with, and you're not talking about impairment that the Illinois Vehicle Code was trying to guard against in these offenses. But a different kind of impairment. At bottom, the argument is that accident was caused not because of the physical act of driving, but impairment because of a medical condition, a different kind of impairment. Well, it's caused by a medical condition. So only in the sense that any medical condition means that you're impaired. But I think Martin was concerned with deciding whether impairment from a small amount of drugs was that. The fact that you were impaired by some small amount of drugs, was that the cause of the car accident? We don't think the state has to prove that here. We don't think the state will ever have to prove that in something charged under Section A6. But we do think that the defense should be allowed to put on evidence that nothing to do with drugs, a completely unrelated medical issue may have occurred and been relevant to whether the state can meet its burden to show that the defendant was the one responsible for the accident and not some medical issue that they didn't see coming. But they would have to prove it. Because if you're going to make a sole proximate cause argument, doesn't the state then have to show that it wasn't the only cause, it was a cause? So what we said in Martin, they would have to prove impairment, if you're allowed to bring in that evidence, wouldn't they? So they would not have to prove impairment, they would have to prove legal fault. And something that the appellate court pointed out in this case is that one way that they could prove legal fault that would have nothing to do with impairment from drugs is to prove that she knew she had a medical issue and she didn't take proper precautions.  They could show that the person was overtired and there was no blood pressure incident, she just fell asleep at the wheel. There are any number of ways to show legal fault in a car accident that have nothing to do with impairment. And I think this is a great case to show why impairment is not an issue, because there was no actual impairment. They're going to have to defeat sole proximate cause to prove their case, and the only thing they're left with is showing impairment. I think in this case they can't show impairment because the trial court found that there was not factual evidence of impairment. So this is a perfect case where they need to show that her driving was at fault for the accident, but they're not going to have to do it by resorting to impairment, and as a factual matter they may not be able to do it by resorting to impairment. They're going to have to find another way to do it, but that's not impairment getting back into the statute. That's the proximate cause element going to work. That's what it's meant to do. It's meant to make sure that there's some sort of fault that the legislature says we're going to charge you with a felony, but there's going to be some sense that you're responsible for this accident and these injuries. It's not going to just be based on randomness. It's not going to be based on whether you had an undiagnosed seizure disorder. Any amount in your bloodstream of certain kinds of drugs, we don't have to even talk about how that affects you. It's off the table. The only issue then is whether or not the cause of the accident was the physical act of driving. At the end of the day, if now the whole trial is going to turn on the physiological, maybe chemical aspects of the defendant, aren't we back to where, as Martin interpreted the statute, the legislature rejected that we shouldn't have to do that, that we can't do that. Again, the bright line rule that you're guilty of something just for getting behind the wheel with a trace amount of this is a misdemeanor. When they drafted the felony, they specifically said you have to be a proximate cause of the injuries. How are you a proximate cause of the injuries if a medical issue you had no way of suspecting hits you while you're driving and causes you to cross the center line? I don't think that pulls impairment into the per se misdemeanors aggravated to a felony. I think what it does is it just demonstrates how proximate cause works in the state of Illinois. Again, I don't think that the state doesn't have to get to the driver being a proximate cause by showing impairment. They can do it any number of ways. They can cross-examine her doctor and find out that maybe she knew she had low blood pressure and had been warned that this might be a possibility. There are a lot of ways to do this, but the problem is not that impairment is being moved into the per se DUIs that are being elevated. The problem is that proximate cause has always been an element there, and Martin, in recognizing that there's no need to prove impairment for the felony, didn't somehow get rid of the state's obligation to prove that there was some sort of legal fault for the accident. In Martin, the court analyzed the actual language of the statute. Always a good place to go. And discussed the language about, and we're talking about the aggravation here, that this is aggravated when the accident that resulted in the death of another person, when the violation of subsection A was the proximate cause of the death. And the court went on to talk about that this proximate cause idea was the injury, and approximate cause to the violation of subsection A, subsection A being the strict liability misdemeanor. So if you're guilty of the driving with anything in your blood, then the question is, is the driving with that in your blood approximate cause of the death? How would you dispute that? In the defense, you're saying you want to introduce a different proximate cause, that it was caused by this medical emergency idea. But the statute seems to say the proximate cause that the state has to show is the violation of subsection A, driving with drugs in your system, period. Well, so the fact that Ms. Way was driving and got into a car accident. And she had drugs in her system. And had drugs in her system, that shows that she was absolutely a but-for cause of this accident. Now the question of whether or not she was a legal cause of the accident, whether her manner of driving her vehicle was a legal cause of the accident, I think that depends on whether or not there was an intervening cause, which disrupts the causal chain between her act of driving and the resulting injuries. So it's like, even if you look at it, it just says, did her driving proximately cause this accident? Was it a legal cause? I think you have to allow her to put on evidence that I was not a legal cause of this accident, because there was an unforeseeable intervening event, which in fact disrupted the causal chain. And once you have evidence of that, I think then proximate cause, like in all of the criminal cases and all the civil cases, it becomes a factual issue for the jury to determine. I think it's important to remember that while the legislature made this policy judgment that the per se misdemeanors were going to require no proof of impairment, they also made the judgment that they were going to include proximate cause as an element before we impose felony liability. And when incorporating this, they included some aspect of driver fault. It's not necessarily negligence, we don't know what it is, but some aspect of being legally at fault for the accident that results. And the state is claiming that the legislature wanted to impose felony liability for a car accident when the same defendant for the exact same accident can go into the civil court and prove that they were not liable for the same accident. Everything's the same. So how can the driver be a proximate cause of the accident in one case and not in the other? I think this is an absurd outcome, and I don't think that the legislature would have specifically incorporated the proximate cause element if they were looking for simple cause or but-for causation. They could have drafted the DUI statute akin to the statute on leaving the scene of a crime, which simply if you're involved in an accident which results in injuries, you must report or you will be guilty of a felony. But here they specifically added a proximate cause element. And I don't think there's any reason to suppose that the legislature, when saying the driver, their violation must be a proximate cause of the injuries, that that includes the driver who has some undiagnosed seizure disorder and is unlucky enough to have a seizure, get in a car accident, and turns out they smoked marijuana one week before. Yes, there is criminal behavior for the simple reason that there was THC in their system, but that's a misdemeanor. For the felony, I think you need some sign that the driver was legally at fault. Or Illinois has this body of law that says if there's a medical issue that you had no way of expecting, that disrupts the causal connection. There's no reason to suppose that the legislature did not want that incorporated into the felony statute. Thank you, Counsel. Thank you, Your Honor. I have just a few brief points, and of course I'm happy to answer any further questions the court might have. What about the lesser standard and a lesser option in a criminal case than a civil case? Our argument is not that the proximate cause standard is lower, it's that the proximate cause analysis has to take account of what the underlying crime is. And so if the underlying crime is a strict liability crime that doesn't require any showing of negligence or fault, but simply that the defendant was driving with drugs in her system, then in that sense it's not that it's a lower standard than a civil negligence case, it's just that it's a different standard. I think a key point here is that proximate cause analysis is not a doctrine of legal fault. It's about legal cause. Again, nothing in the per se DUI law or Martin requires the people to show that the defendant was somehow at fault for the accident or negligent. It's simply that her driving was a proximate cause of the accident. Proximate cause analysis has always been about separating out those results that are so unrelated to the defendant's conduct from those that are closely related enough to it that are foreseeable and that are within the scope of the risk that the defendant's conduct created. The defendant suggests that the distinction we've drawn here between what, for lack of a better term, can be considered sort of external events and internal events is arbitrary, but I think it's completely consistent with proximate cause analysis applied to a strict liability offense. None of these sort of external events, the passenger, you know, hitting the driver over the head with a bat or the highway overpass crumbling, none of the risk of those things happening is not at all increased by the defendant's active driving with drugs in her system. But the defendant, quote, falling asleep at the wheel and crossing the center line and hitting an oncoming car is precisely the type of accident that her driving the drugs in her system creates, and it's precisely the type of thing that the legislature would be considering when deciding to make it a strict liability offense and to prohibit it. If she had a heart attack, passed out, does that change the? I don't think that, no, no. The nature of the medical condition wouldn't affect our analysis. What would, whether it's a heart attack or a low blood pressure condition, it's still the type of thing that might contribute to an accident and might, in proximate cause terminology, be considered a contributing cause, but under Martin and in light of the per se DUI statute, the strict liability nature of that statute, it could never be considered the sole proximate cause of the accident so as to relieve the defendant of liability. The final point I'd just like to make briefly is the appellate court and the defendant have made a lot out of the trial court's comment that there was no evidence of impairment. It's important to remember that one of the reasons why there was no evidence of impairment is because no evidence of impairment was required, and so the people weren't required to present evidence that the defendant was impaired. The defendant's argument would sort of create and run around Martin and require the people to reintroduce evidence of impairment where none should be required, and it will, not only that, but it will lead to incredibly complex medical issues in what otherwise should be relatively straightforward strict liability per se DUI offenses. If there are no further questions, again, we'd ask the court to reverse the judgment of the appellate court. Thank you. Case number 120023, People of the State of Illinois v. Ida Way, will be taken under advisement as agenda number four. Mr. Levin and Ms. Heim, thank you for your arguments this morning and into the afternoon, and we excuse you now. Mr. Marshall, the court will stand adjourned until 9.30 a.m. tomorrow morning.